# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

## No. 5:12-CV-00180-D

| | |
|---|---|
| LORENZO RICHARDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NC DEPARTMENT OF HEALTH & )<br>HUMAN SERVICES, DIVISION OF )<br>SOCIAL SERVICES & CHILD SUPPORT )<br>ENFORCEMENT, )<br>)<br>Defendant. ) | **ORDER AND<br>MEMORANDUM AND<br>RECOMMENDATION** |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. Plaintiff's application appears incomplete in that while he claims to receive no income or public assistance, he does have some expenses and it is, thus, unclear how he provides for his food, transportation, etc. The Court will, however, allow Plaintiff's application to proceed *in forma pauperis* for the limited purpose of conducting frivolity review.

Notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of Plaintiff's complaint [DE-1-1] and supplement thereto [DE-1-2] (collectively, the "Complaint"), and giving due consideration to Plaintiff's *pro se* status, the

undersigned concludes that the Complaint should be dismissed on frivolity review for lack of subject matter jurisdiction or, alternatively, failure to state a claim.

Plaintiff filed the Complaint on April 4, 2012. He asserted federal question jurisdiction based on 28 U.S.C. § 1331. Plaintiff seeks to challenge a Final Decision of the Hearing and Appeals Section of the North Carolina Department of Health and Human Services ("DHHS"), which allowed Defendant to intercept Plaintiff's income tax refund to offset a child support arrearage. Plaintiff claims that he was denied due process and that the underlying child support debt is invalid. Plaintiff asks the Court to reverse the decision of DHHS, order reimbursement of his tax refund, and bar DHHS from further attempting to collect the child support arrearage.

To the extent Plaintiff attempts to challenge the underlying child support obligation, this Court lacks the jurisdiction to review the state court's order. *See Richardson v. Green*, No. 5:11-cv-202-H (E.D.N.C. July 6, 2011), *aff'd* No. 11-1745, 2012 WL 432946, at *1 (4th Cir. Feb. 13, 2012) (concluding that review of state court decision with respect to child support order was foreclosed by the Rooker-Feldman doctrine). To the extent Plaintiff seeks review of the DHHS decision, this Court likewise lacks jurisdiction, as Plaintiff's right of appeal would lie in the North Carolina state courts, and, thereafter, to the United States Supreme Court. *See McAllister v. North Carolina*, No. 5:10-cv-79-D, 2011 WL 883166, at *4 (E.D.N.C. Mar. 11, 2011) (concluding that plaintiff dissatisfied with a state court child support proceeding may appeal within the state court appellate system and, thereafter, to the United States Supreme Court).

Finally, to the extent Plaintiff attempts to bring a claim under 42 U.S.C. § 1983 for violation of his right to due process, Defendant DHHS is not subject to suit thereunder. Section 1983 provides as follows:

2

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). A state agency is not a "person" for purposes of § 1983. *Thrash v. N.C. Dept. of Health and Human Servs.*, No. 7:10-cv-243-FL, 2011 WL 780595, at *5 (E.D.N.C. Feb. 28, 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Accordingly, Plaintiff has failed to allege sufficient facts to state a § 1983 claim.

In sum, the Court lacks subject matter jurisdiction to consider Plaintiff's claims, or alternatively, Plaintiff has failed to state a § 1983 claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* [DE-1] is **GRANTED** for the limited purpose of conducting frivolity review. However, it is **RECOMMENDED** that the Complaint be **DISMISSED** on frivolity review.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 29th day of June 2012.

DAVID W. DANIEL
United States Magistrate Judge

3